**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 3, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

SHAWN TYLER FERGESON,

      Defendant - Appellant.

No. 04-4154

(D.C. No. 1:04-CR-06-PGC)

(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL**, **McKAY**, and **HENRY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f). The case is therefore submitted without oral argument.

Defendant was indicted for possession of a controlled substance with intent to distribute in violation of 21 U.S.C. § 841 (Count I), carrying a firearm during a drug-trafficking crime in violation of 18 U.S.C. § 924(c) (Count II), and

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

possession of a firearm by a felon in violation of 18 U.S.C. § 922(g) (Count III).

Defendant pled guilty to Counts I and II of the indictment.[2]  The district court

then sentenced Defendant to 84 months' imprisonment for Count I and to 60

months' imprisonment on Count II, to be served consecutively.

On January 5, 2004, officers from the Layton Police Department received a

citizen's complaint about two men "shooting up" in a Wal-Mart parking lot. When

they arrived at the parking lot, the officers found syringes that were reportedly

thrown from Defendant's car.  The officers then arrested Defendant.

The officers searched Defendant's vehicle incident to the arrest and found a

.25 caliber semi-automatic handgun containing a fully loaded magazine.  The

search of the car also yielded eight baggies containing a substance the officers

believed to be methamphetamine, stolen checks, identification cards, and other

materials commonly associated with illegally producing and passing checks.

After testing the substance contained in the seized baggies, the Utah State

Crime Laboratory determined its total weight was 26.2 grams, which contained 94

percent solids and consisted of 95 percent pure methamphetamine.  In other

words, the substance found in the seized baggies was 23.3 grams of pure

methamphetamine.

---

[2]As part of the plea agreement, the government dropped Count III of the
indictment.

Pursuant to a plea agreement, Defendant pled guilty to Counts I and II of the indictment. The presentence report prepared prior to sentencing also concluded that the sample contained 23.3 total grams of pure methamphetamine.

At sentencing, the district court ultimately arrived at an applicable Guidelines range of 84 to 105 months' incarceration. The district court sentenced Defendant at the low end of the Guidelines range (84 months) on Count I and sentenced Defendant to 60 months' imprisonment on Count II (the mandatory statutory minimum), with the counts to be served consecutively. Defendant appeals that sentence to this court.

On appeal, Defendant challenges his sentence as being imposed in violation of his constitutional rights, as articulated in *United States v. Booker*,__U.S.__, 125 S. Ct. 738 (2005). Because he did not raise this issue to the district court, we review for plain error. *United States v. Gonzalez-Huerta*, 403 F.3d 727, 732 (10th Cir. 2005) (en banc) (citation omitted). Under that standard, we will only reverse Defendant's sentence if Defendant can prove that the sentence imposed was (1) error, (2) which is plain, (3) which affects his substantial rights, (4) sufficient to warrant an exercise of our discretion to correct the error so long as it does not seriously affect the "fairness, integrity or public reputation of the judicial proceedings." *Id.* (quotation omitted).

We have recognized two types of *Booker* errors–constitutional and non-

constitutional. *Id.* at 731-32. In this appeal, Defendant claims that the district court committed non-constitutional error when it applied the Guidelines in a mandatory fashion at sentencing.[3]

We agree with the parties that the district court's mandatory application of the Guidelines was plain error, thereby satisfying the first two prongs of plain-error review. *See id.* We must, therefore, consider whether Defendant has satisfied the third and/or fourth prongs of plain-error review.

While it is debatable whether Defendant can satisfy the third prong of the plain error test because the only evidence presented to demonstrate prejudice was that he was sentenced at the low end of the Guideline range, we need not decide that because he fails to meet the fourth prong of the test. *See Dowlin,* 408 F.3d at 671 (explaining that a party's failure to meet one prong of the test is a sufficient reason not to notice plain error). Under the fourth prong of the plain error test, Defendant must establish that "the forfeited error . . . affect[s] [his] substantial rights." *United States v. Olano*, 507 U.S. 725, 732 (1993) (internal quotation marks omitted). We will only correct a plain error affecting substantial rights if

[3]Although Defendant argued constitutional error in his initial brief on appeal, he appears to abandon his constitutional error argument in his supplemental brief when he states, "[W]hile it was not error for the court to calculate Mr. Fergeson's sentencing guideline range by considering facts not found by the jury, it was error for the district court to impose sentence under the erroneous assumption that the guidelines were mandatory." Aplt. Supp. Br. at 3. Therefore, we do not address constitutional error.

the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* at 736 (quotation omitted). This power to correct a forfeited error should be used sparingly and only "in those circumstances in which a miscarriage of justice would otherwise result." *Id.* (quotation omitted). Defendant fails to point to adequate record evidence suggesting such a miscarriage of justice. *See Gonzalez-Huerta*, 403 F.3d at 737.

      **AFFIRMED.**

                              Entered for the Court


                              Monroe G. McKay
                              Circuit Judge